UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS MARTINEZ, *et al.*,

                    Plaintiffs,

    - *against* -

UNITED STATES OF AMERICA.

                    Defendant.

2 2   Civ. 00336 (AEK)

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

      WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.    Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the Defendant to produce information that otherwise would be prohibited from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. However, nothing in this paragraph shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.

      2.    Counsel for any party may designate any document or information, in whole or in part, as protected information if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information, including, but not limited to, information protected from disclosure by the Privacy Act ("Protected Information"). Information and documents designated by a party as Protected Information will be stamped "SUBJECT TO PROTECTIVE ORDER."

      3.    The Protected Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

      4.    In the event a party challenges another party's designation of Protected Information, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Protected Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Protected Information.

      5.    Documents designated as "SUBJECT TO PROTECTIVE ORDER" shall not be disclosed to any person, except:

      a.      The requesting party and counsel, including in-house counsel;

      b.      Employees of such counsel assigned to and necessary to assist in the litigation;

      c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

      d.      The Court (including the mediator, or other person having access to any Protected Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

6. Prior to disclosing or displaying the Protected Information to any person, counsel must:

      a.      Inform the person of the confidential nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.      Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as "SUBJECT TO PROTECTIVE ORDER" shall not constitute a waiver of the right to designate such document or information as Protected Information. If so designated, the document or information shall thereafter be treated as Protected Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "SUBJECT TO PROTECTIVE ORDER" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11. At the conclusion of litigation, Protected Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be Protected Information if otherwise required by law or pursuant to a valid subpoena.

13. Nothing in this Order shall prevent the disclosure of Protected Information to government authorities for purposes of enforcement of criminal laws or in furtherance of civil enforcement or regulatory proceedings.

SO STIPULATED AND AGREED.

Dated: February 17, 2023
White Plains, New York

| | |
|---|---|
| LAW OFFICE OF<br>PAUL O'DWYER, P.C | DAMIAN WILLIAMS<br>United States Attorney for the<br>Southern District of New York |
| By: */s/ Paul O'Dwyer*<br>PAUL O'DWYER<br>Law Offices of Paul O'Dwyer, P.C.<br>11 Broadway, Suite 715<br>New York, NY 10004<br>Tel.: (646) 230-7444<br>Email: paul.odwyer@paulodwyerlaw.com | By: */s/ Mollie Kornreich*<br>MOLLIE KORNREICH<br>Assistant U.S. Attorney<br>86 Chambers Street, Third Floor<br>New York, New York 10007<br>Tel.: (212) 637-3274<br>Email: mollie.kornreich@usdoj.gov |
| *Attorney for Plaintiffs* | *Attorney for Defendant* |

SO ORDERED.

_____
ANDREW E. KRAUSE
United States Magistrate Judge

Dated: February 21, 2023

## EXHIBIT A

### Agreement

 I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as Protected Information. I have been informed that any such documents or information labeled "SUBJECT TO PROTECTIVE ORDER" are Protected Information by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

 Dated: _____, 20\_\_

_____    _____
Name (printed)                                             Signature

Signed in the presence of:

_____
(Attorney)