UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LUIS MARTINEZ, SHARAI MARTINEZ,
VALERIA MARTINEZ, and
LUIS MARTINEZ JR.,

                       Plaintiffs,                            **ORDER**

          -*against*-                                    22-cv-336 (AEK)

UNITED STATES OF AMERICA,

                       Defendant.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

      Pursuant to Local Civil Rule 83.2(a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiffs' counsel has submitted a proposed order and supporting affidavits seeking court approval of that portion of the parties' settlement that pertains to the claims of minor children Valeria Martinez and Luis Martinez, Jr. The Court has reviewed Plaintiffs' submissions. *See* ECF Nos. 78, 79, 83, 84, 85, 86. Based on these submissions and the Court's familiarity with the facts and circumstances of this case from having overseen discovery, decided Defendant's motion to dismiss, and referred this matter to the Court's mediation program, the Court concludes that the portion of the settlement that pertains to the claims of Valeria Martinez and Luis Martinez, Jr. is fair, reasonable, and in the best interests of the children. *See D. v. City of New York*, No. 14-cv-7131 (JGK) (HBP), 2016 WL 4734592, at *2 (S.D.N.Y. Aug. 22, 2016) (explaining that "the analysis in this jurisdiction centers on whether: (1) the best interests of the infant are protected by the terms and conditions of the proposed settlement; and (2) the proposed settlement, including any legal fees and

expenses to be paid, as part of the proposal, are fair and reasonable." (cleaned up)), *adopted by* 2016 WL 4735365 (S.D.N.Y. Sept. 9, 2016).

Additionally, because Plaintiffs' submissions contain all of the information necessary to fully assess the proposed settlement, the Court further concludes that an infant compromise hearing is not necessary here. *See F.P. by Paino v. Kimberly-Clark Corp.*, No. 23-cv-05798 (HG), 2023 WL 6930677, at *1 (E.D.N.Y. Oct. 19, 2023) ("The Court is not required to conduct a hearing about a proposed [infant] settlement if the necessary information is available from the documents and affidavits submitted in support of the motion." (cleaned up)); *D.H.S. by Serrano v. United States*, No. 18-cv-983 (PKC) (CLP), 2020 WL 13552067, at *3 (E.D.N.Y. May 15, 2020) ("The court may hold a hearing to determine whether the terms of the settlement are fair, but may also decide the motion based on the parties' submissions without a hearing."), *adopted by* docket entry dated Aug. 7, 2020.

Accordingly, the proposed terms of the settlement that pertain to the claims of Valeria Martinez and Luis Martinez, Jr. are hereby APPROVED. The signed infant compromise order, with attached Exhibit A,[1] will be docketed separately.

Dated: April 2, 2024
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

---

[1] As requested by the parties, see ECF No. 86, the version of Exhibit A that is attached to the signed infant compromise order is the version submitted at ECF No. 86-1, rather than the version erroneously submitted at ECF No. 78-1.