UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

LUIS MARTINEZ,
SHARAI MARTINEZ,
VALERIA MARTINEZ,
LUIS MARTINEZ JR.,

       PLAINTIFFS,

      Case No. 7:22-cv-00336- AEK

v.

      INFANT COMPROMISE ORDER

UNITED STATES OF AMERICA,

       DEFENDANT.
_____

  Plaintiff Luis Martinez, having moved for an Order authorizing and empowering him to compromise this action on behalf of the minor children Plaintiffs Valeria Martinez and Luis Martinez Jr.; and

  With the complete and precise terms and conditions of the settlement set forth in the Stipulation for Compromise Settlement and Release (hereinafter "Stipulation"), attached as Exhibit A;

  Upon the reading and filing of the annexed affidavit of Luis Martinez, the parent and natural guardian of the minors, Valeria Martinez and Luis Martinez Jr., sworn to on February 25, 2024, the affidavit of the minor, Luis Martinez Jr., also sworn to on February 25, 2024, the affidavit of the minor, Valeria Martinez, also sworn to on February 25, 2024, and the affirmation of Paul O'Dwyer, Esq., also sworn to on February 25, 2024 ("O'Dwyer Affirmation"), and the Stipulation; and

  It appearing that the minor Valeria Martinez Jr. was born on June 25, 2006, and the minor Luis Martinez Jr. was born on July 2, 2007, and it further appearing that the best interests of the

1

said minors will be served by settlement and compromise on the terms of the Stipulation, with funds received from the settlement allocated among the Plaintiffs as described in the O'Dwyer Affirmation, and due deliberation having been had herein, and upon all past papers and proceedings herein;

NOW, on motion of Paul O'Dwyer, attorney for the Plaintiff, it is

ORDERED, that the settlement, as set forth in the Stipulation, is hereby approved; and it is further

ORDERED that Luis Martinez, the parent and natural guardian of the minor Valeria Martinez is hereby permitted to enter into a compromise and settlement of Valeria Martinez's claims under the terms and conditions set forth in the Stipulation; and it is further

ORDERED that out of said sum, attorney for Plaintiffs, The Law Office of Paul O'Dwyer PC, is to receive the sum of $6,250 as compensation for legal services; and it is further

ORDERED, that the balance sum of $18,750 be paid to Luis Martinez, the parent and natural guardian of Valeria Martinez, representing the said minor's share of the settlement proceeds. This sum shall be deposited in an interest bearing account in the name of Luis Martinez, as parent and natural guardian of Valeria Martinez to the credit of said minor, at Bank of America, 1 New Paltz Plaza, New Paltz NY (the "Bank") and to be held for the sole use and benefit of the minor in an account paying the highest rate of interest available, until the minor reaches the age of eighteen years; and it is further

ORDERED that no withdrawals from the account shall be made except upon the prior Order of this court which Order shall bear the raised seal of the Court; and it is further

ORDERED, that when the minor Valeria Martinez has attained the age of eighteen years, upon demand therefore, together with presentation of the proper proof of said age, the Bank is directed to pay over to said minor all monies then on deposit in said account, together with any interest accrued thereon; and it is further

ORDERED, that Luis Martinez, the parent and natural guardian of the minor Luis Martinez Jr., is hereby permitted to enter into a compromise and settlement of Luis Martinez Jr.'s claims under the terms and conditions set forth in the Stipulation; and it is further

ORDERED that out of said sum, attorney for Plaintiffs, The Law Office of Paul O'Dwyer PC, is to receive the sum of $6,250 as compensation for legal services; and it is further

ORDERED that the balance sum of $18,750 be paid to Luis Martinez, the parent and natural guardian of Luis Martinez Jr., representing the said minor's agreed-upon share of the settlement proceeds. This sum shall be deposited in an interest bearing account in the name of Luis Martinez, as parent and natural guardian of Luis Martinez Jr., to the credit of said minor, at Bank of America, 1 New Paltz Plaza, New Paltz NY (the "Bank") and held for the sole use and benefit of the minor in an account paying the highest rate of interest available, until the minor reaches the age of eighteen years; and it is further

ORDERED that no withdrawals from the account shall be made except upon the prior Order of this court which Order shall bear the raised seal of the Court; and it is further

ORDERED, that when the minor Luis Martinez Jr. has attained the age of eighteen years, upon demand therefore, together with presentation of the proper proof of said age, the Bank is directed to pay over to said minor all monies then on deposit in said account, together with any interest accrued thereon; and it is further

ORDERED, that Plaintiffs, upon receiving notice from the United States Attorney's Office for the Southern District of New York that the Settlement Amount is being processed, shall cause their counsel to file with the United States District Court for the Southern District of New York a stipulation of dismissal of this action in its entirety with prejudice as to the United States, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, with each party bearing its own costs, expenses, and fees. Upon filing of such stipulation of dismissal, the United States of America shall transmit or cause to be transmitted the Settlement Amount.

_____
Andrew E Krause
United States Magistrate Judge

DATED: April 2, 2024

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | EXHIBIT A |
| LUIS MARTINEZ, SHARAI MARTINEZ, VALERIA MARTINEZ, and LUIS MARTINEZ JR.,<br><br>Plaintiffs,<br><br>-v-<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 22 Civ. 336 (AEK)<br><br>**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE** |

WHEREAS, on or about January 14, 2022, plaintiffs Luis Martinez ("Mr. Martinez"), Valeria Martinez, Sharai Martinez, and Luis Martinez, Jr. (together, with Mr. Martinez, "Plaintiffs") filed a complaint commencing the above-captioned action (the "Action") against the United States of America (the "United States" or "Government") asserting claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, related to Mr. Martinez's arrest and detention by U.S. Immigration and Customs Enforcement from January 16, 2019, until June 17, 2019, and the alleged impact of that detention on Plaintiffs;

WHEREAS, Plaintiffs and the United States (together, the "Parties") now wish to resolve the issues raised in this litigation without further proceedings and without admitting any fault or liability;

IT IS STIPULATED AND AGREED, by and between Plaintiffs and the United States, that Plaintiffs' claims in this action shall be settled and compromised on the following terms and conditions:

1. The Parties hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to this Action under the terms and conditions set forth in this Stipulation for Compromise

Settlement and Release (the "Stipulation"). This settlement is without interest, cost, expenses, disbursements, or fees (to include attorneys' fees, consistent with Paragraph 6 of this Stipulation) to any party, except as specified in Paragraph 3 of this Stipulation.

2. This Stipulation shall not constitute an admission of liability or fault on the part of the United States, or any of the United States' present or former departments, agencies, agents, officials, or employees, nor shall it be deemed to be an admission that they have acted in any manner or way that was negligent in connection with the claims asserted in this Action, or were the cause of any injuries sustained by Plaintiffs, in connection with the claims asserted in this Action. The Stipulation shall not be admissible with respect to, nor is it related to, any other litigation or settlement negotiations.

3. The United States will pay to Plaintiffs the total sum of four hundred thousand dollars ($400,000.00) (the "Settlement Amount"). The Settlement Amount shall be in full settlement of any and all claims (including those for compensatory damages as alleged in the Action), demands, rights, and causes of action that Plaintiffs or their heirs, executors, successors in interest, administrators, assigns, or any entity in which any Plaintiff has an ownership interest now have or may hereafter acquire against the United States arising from or related to the facts, events, and circumstances giving rise to the Action, and any claims incident thereto.

4. Plaintiffs agree to accept the Settlement Amount in full settlement and satisfaction of any and all claims and demands that they or their heirs, executors, successors in interest, administrators, assigns, or any entity in which any Plaintiff has an ownership interest may have or hereafter acquire against the United States or its present or former departments, agencies, agents, officials, or employees, arising from or related to the facts, events, and circumstances giving rise to the Action, and any claims incident thereto. Plaintiffs hereby expressly release and forever

discharge the United States and its present or former departments, agencies, agents, officials, or employees, from any and all liability arising directly or indirectly from the facts, events, and circumstances giving rise to the Action, and any claims incident thereto.

5. Plaintiffs and their counsel understand that taxes will not be withheld from the Settlement Amount. Plaintiffs and their counsel represent and warrant that they shall assume all responsibility for, and shall protect, indemnify, defend, and hold harmless the United States, including its present or former departments, agencies, agents, officials, and employees, from and against any and all claims, losses, liens, damages, liability, suits, actions, judgments, costs, penalties, and expenses arising from or related to: (i) any liability or claim of liability for any amounts assessed by or due to any federal, state, or local government or agency thereof, including but not limited to any liens of any kind (including but not limited to workers' compensation liens, medical liens, tax liens, or child support liens); (ii) federal, state, and local taxes, if any, owed in connection with the payment of the Settlement Amount to Plaintiffs; and (iii) the events, circumstances, or incidents giving rise to this Action and all claims incident thereto, including any claims arising from the assignment of claims or liens upon the Settlement Amount. Plaintiffs further agree to reimburse or advance, at the option of counsel for the United States, any expense or cost that may be incurred incident to, or resulting from, such further litigation or the prosecution of claims by Plaintiffs against any third party, and this Stipulation shall constitute a written agreement to that effect.

6. The Parties agree that any attorneys' fees owed by the Plaintiffs in this Action shall not exceed 25% of the Settlement Amount, as required by 28 U.S.C. § 2678. The Parties further agree that any such attorneys' fees, along with any costs and expenses of said action against the United States and any costs, expenses, or fees associated with obtaining any court approval of this

settlement, are to be satisfied out of the Settlement Amount (or, with respect to costs and expenses, otherwise paid by Plaintiffs), and not are not to be paid by the United States in addition to the Settlement Amount.

7. Plaintiffs must obtain at their expense an Order by a court of competent jurisdiction approving the terms of the Stipulation on behalf of Valeria Martinez and Luis Martinez, Jr., who are minors. The terms of any such Order must be approved by the United States prior to the submission of the Order to any reviewing Court, and the Order signed by such Court cannot be changed by the Court or Plaintiffs without the prior written consent of the United States. Any change to the terms of the Order without the prior written consent of the United States shall render this settlement null and void. Payment of the Settlement Amount shall be made to Plaintiffs and their counsel only after execution by the parties and entry by the Court of this Stipulation, and after the entry of an Order approving the terms of the settlement by a court of competent jurisdiction. Plaintiffs further agree that the United States may void this settlement at its option in the event any such court Order is not timely obtained with respect to each person being required to sign this Stipulation, time being of the essence. In the event Plaintiffs fail to obtain such an Order, or any such Order they obtain fails to comply with the terms and conditions of this paragraph, the entire Stipulation and the compromise settlement are null and void.

8. After counsel for the United States receives (1) this Stipulation, signed by all parties; (2) a court Order approving the settlement on behalf of Valeria Martinez and Luis Martinez, Jr. and apportioning proceeds; and (3) the Social Security numbers or tax identification numbers of Plaintiffs and their counsel, counsel for the United States will request that the Settlement Amount be processed to be paid by electronic funds transfer/deposit to an account in the name of Paul O'Dwyer, counsel for Plaintiffs, using bank routing information to be supplied by counsel for

Plaintiffs. Plaintiffs' counsel agrees to distribute the appropriate settlement proceeds to Plaintiffs, as directed by the infant compromise order entered by the Court.

9. Plaintiffs, upon receiving notice from the United States Attorney's Office for the Southern District of New York that payment of the Settlement Amount is being processed, shall cause their counsel to file with the United States District Court for the Southern District of New York a stipulation of dismissal of this Action in its entirety with prejudice as to the United States pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, with each party to bear its own costs, expenses, and fees, and the district court not retaining jurisdiction over this Action, this Stipulation, or the United States. Upon the filing of such stipulation of dismissal, the United States shall transmit or cause to be transmitted to Plaintiffs' counsel the Settlement Amount.

10. The Parties understand and agree that this Stipulation contains the entire agreement between the Parties, and any statements, representations, promises, agreements, or negotiations, oral or otherwise, between the Parties that are not included herein shall be of no force or effect.

11. The Parties agree that this Stipulation and Order will be made public in its entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

12. This Stipulation may be signed in two or more counterpart originals, each of which shall be deemed to be an original and all of which constitute one and the same Stipulation. Facsimiles and/or PDFs of signatures shall have the same force and effect as original signatures and constitute acceptable, binding signatures for purposes of the Stipulation.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Dated: _____, 2024
New York, New York

LAW OFFICE OF PAUL
  O'DWYER, P.C.
*Attorney for Plaintiffs*

By: _____
Paul O'Dwyer
11 Broadway, Suite 715
New York, New York 10004
Tel: (646) 230-7444
Email: paul.odwyer@paulodwyerlaw.com

Dated: _____, 2024
New York, New York

DAMIAN WILLIAMS
United States Attorney
*Attorney for United States of America*

By: _____
Mollie Kornreich
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-3274
Email: mollie.kornreich@usdoj.gov

Dated: _____, 2024

_____
LUIS MARTINEZ
*Plaintiff, individually and on behalf of minors Valeria Martinez and Luis Martinez, Jr.*

Dated: _____, 2024

_____
SHARAI MARTINEZ
*Plaintiff*